■ FREDERICK McFADDEN, Appellant, v PETER HARITATOS, JR., et al., Defendants, and PUREPAC CORPORATION & ELIZABETH LABORATORIES, Also Known as PUREPAC PHARMACEUTICAL COMPANY, Respondent. — Order reversed, with costs, and motion denied. Memorandum: In this medical malpractice and products liability action, summary judgment was granted to defendant drug manufacturer Purepac Corporation & Elizabeth Laboratories, also known as Purepac Pharmaceutical Company (Purepac). On appeal by plaintiff, the issue presented is whether the warnings given by Purepac in its package inserts for the drug reserpine were adequate as a matter of law. Plaintiff suffered from high blood pressure and on prescription by the defendant physician, used the drug from November, 1974 to January, 1976. Plaintiff asserts that as the direct result of his usage of the drug he experienced a

variety of illnesses, the most serious of which appear to be an optic injury and a severe, continuing and possibly permanent mental depression. On examination before trial, defendant physician acknowledged he was familiar with the side effects of reserpine and knew that Purepac's warnings were set forth in the package insert and also published in the Physician's Desk Reference. Purepac's package insert followed the same format as that found in *Wolfgruber v Upjohn Co.* (72 AD2d 59, affd 52 NY2d 768), where we found the manufacturer's warning to be adequate as a matter of law. The format was in accordance with the recommendation of the Food and Drug Administration as found in 21 CFR former 3.74 (a). That subdivision provided: "To be most useful to practitioners, labeling information for prescription drugs should be orderly and uniform in the sequence and kinds of information presented. For this reason, the Food and Drug Administration recommends that prescription drug labeling purporting to furnish adequate information for the safe and effective use of a drug, as required under § 1.106(b) of this chapter, should ordinarily contain information in substantially the format and order and with the section headings as follows:

'DESCRIPTION

'ACTIONS

'INDICATIONS

'CONTRAINDICATIONS

'WARNINGS

'PRECAUTIONS

'ADVERSE REACTIONS

'DOSAGE AND ADMINISTRATION

'OVERDOSAGE (WHERE APPLICABLE)

'HOW SUPPLIED.' "

(Compare 21 CFR present 201.56, 201.57.) It is obvious that the caveats against use beginning with "CONTRAINDICATIONS" were and are set forth in the regulations in a descending order of importance. Thus as known adverse side effects increase in intensity and severity, the manufacturer's warning in respect to the drug's potential for harm should accordingly ascend to a higher category (see *Baker v St. Agnes Hosp.,* 70 AD2d 400). In *Wolfgruber v Upjohn Co. (supra),* the caveat was in the "WARNINGS" section. Here the "CONTRAINDICATIONS" section of Purepac's package insert warned that patients suffering mental depression should not use the drug, and the "WARNINGS" section provided that extreme caution should be used in treating patients with a history of mental depression. Since there was no showing that when plaintiff began taking reserpine he suffered from mental depression or had a history of that condition, the "CONTRAINDICATIONS" and "WARNINGS" sections are not applicable to plaintiff. While the maladies plaintiff claims to have suffered are listed in the "ADVERSE REACTIONS" section of Purepac's package insert, the final sentence of that section states: "These reactions are usually reversible and disappear when the drug is discontinued." In *Wolfgruber v Upjohn Co. (supra),* this court recognized that the failure to warn is essentially a case of negligence

and summary judgment ordinarily will not be granted in a negligence action. We found there, in granting summary judgment, that the warning was "fully descriptive and complete" and "adequate by any standard" (*Wolfgruber v Upjohn Co., supra,* p 62). We do not reach the same conclusion here because the last sentence of the "ADVERSE REACTIONS" section of Purepac's package insert tends to qualify and dilute the whole of the section's admonition. Thus it may not be said that Purepac's warnings were adequate as a matter of law. (Appeal from order of Oneida Supreme Court, Tenney, J. — summary judgment.) Dillon, P. J., Callahan, Doerr and Moule, JJ., concur.

Hancock, Jr., J., dissents and votes to affirm the order, in the following memorandum: I would affirm essentially for the reasons stated at Special Term (Tenney, J.). On the record it appears conclusively that any claimed insufficiency in the warnings given or in the communication of such warnings by Purepac to the medical profession was not "a substantial factor in causing the plaintiff's injuries" (*Wolfgruber v Upjohn Co.,* 72 AD2d 59, 62, affd 52 NY2d 768, citing *Codling v Paglia,* 32 NY2d 330, 342). Nowhere in the pleadings or brief on appeal does plaintiff claim that the physician's reliance on the warnings given by the manufacturer was a cause of the injury. Indeed, the physician testified that he was familiar with the adverse reactions of the drug and had prescribed it hundreds of times. The physician did not claim to have relied on the warnings issued by the manufacturer nor did he assert that the manufacturer failed to apprise him of all known adverse reactions. As stated in *Lindsay v Ortho Pharm. Corp.* (637 F2d 87, 92): "The substance of the warning required depends upon the physician involved. A warning need be given only 'where the situation calls for it.' *Basko* v. *Sterling Drug, Inc.,* 416 F.2d 417, 426 (2d Cir. 1969) (citing Restatement (Second) of Torts § 402A, Comment k). '[N]o one needs notice of that which he already knows.'" Where a doctor is fully aware of the facts which were or should have been the subject of the warning, liability of the manufacturer may not be premised on its failure to communicate a warning or on the inadequacy thereof (see *Cornfeldt v Tongen,* — Minn — 262 NW2d 684, 698; *Mulder v Parke Davis & Co.,* 288 Minn 332; *Oppenheimer v Sterling Drug,* 7 Ohio App 2d 103; see, generally, *Howard Stores Corp. v Pope,* 1 NY2d 110, 115; *McDaniel v Williams,* 23 AD2d 729; *Incollingo v Ewing,* 444 Pa 263, 285-286; *Cooper v Bowser,* 610 SW2d 825, 830-833 [Tex]; Ann., 94 ALR3d 748, 762-764). The deficiencies in the warnings as posited in the majority memorandum are, therefore, beside the point.