■ GLORIA J. POPHAM, Appellant, v FRANKLIN C. REYNER, Defendant, and UPJOHN COMPANY, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated October 30, 1984, which, *inter alia,* granted the respondent's motion for summary judgment, and from a judgment of the same court, entered November 19, 1984, which dismissed the plaintiff's complaint insofar as it is asserted against the respondent, and severed the action as to the remaining defendant.

Appeal from the order dismissed *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment reversed, on the law, order vacated, and motion denied.

The plaintiff is awarded one bill of costs.

Upon review of the motion papers submitted by both parties, we find that there are triable issues concerning the adequacy of the warning issued by the respondent for its drug Depoprovera, including whether it was proper not to report that there were incidents of cancer in humans associated with the use of that drug, and whether the respondent undercut its warnings and nullified or eroded their adequacy *(see, McFadden v Haritatos,* 86 AD2d 761, 762-763; *Baker v St. Agnes Hosp.,* 70 AD2d 400, 406). It was therefore improper to grant the respondent's motion for summary judgment *(see, Ugarriza v Schmieder,* 46 NY2d 471, 474).

Since the respondent's motion for summary judgment is denied, there is no need to sever the action against the defendant Reyner, and that severance falls with the reversal of the judgment. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.