(October 28, 1986)

■ DEBORAH H. EISER, Respondent, v GEORGE FELDMAN, Defendant, and ORTHO PHARMACEUTICAL CORPORATION, Appellant.—Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered on or about December 27, 1985, which denied defendant-appellant Ortho Pharmaceutical Corporation's motion for summary judgment, unanimously reversed, on the law, defendant-appellant's motion is granted and the action dismissed as to it, without costs.

Plaintiff's gynecologist, defendant Dr. George Feldman, prescribed for her use an oral contraceptive known as Ortho Novum, manufactured by appellant. Four days after starting on the drug, plaintiff became very upset and complained to Dr. Feldman of nausea, dizziness, crying and severe mood swings. He advised her to continue taking the medication for a limited time to see if the complained-of symptoms would abate. She did so and some 10 days later experienced a partial visual blockage in her right eye. Plaintiff, asserting that her visual impairment is due to the medication, has since commenced this suit alleging, insofar as is here relevant, that appellant did not warn her adequately of the risks entailed in the use of its product.

A prescription drug manufacturer discharges its duty to warn of risks posed by its products by warning the prescribing physician of those risks which the manufacturer either has, or should, in the exercise of due diligence, have knowledge. *(Wolfgruber v Upjohn Co.,* 72 AD2d 59 [4th Dept 1979], *affd on opn below* 52 NY2d 768 [1980]; Restatement [Second] of Torts § 402 A.) Once so informed by the manufacturer, the physician, acting as intermediary, is able to explain the drug's risks and benefits to the patient who will then be in a position to make an informed decision as to his or her use of the medication. *(Id.)*

In this case, it is clear that appellant warned plaintiff, both

directly and through her physician, of the possibility of developing the very side effects of which she now complains. Visual impairment is expressly cited in the package insert and Physicians Desk Reference (PDR) entry concerning Ortho Novum as a danger associated with the drug's use. The physician is counseled to discontinue the medication if such impairment develops. As to plaintiff's earlier reported adverse reactions (i.e., nausea, dizziness, crying and mood swings), these too are explicitly cited in the package insert and PDR. Where patients become significantly depressed, an alternate contraceptive method is advised. In addition to these warnings addressed to the doctor, the patient in literature directed to her is warned of the possibility of blindness or partial visual blockage and is advised to contact her doctor should she suffer any visual disturbance, dizziness, vomiting, or severe depression.

Although these warnings were indisputedly provided, plaintiff maintains that there is a factual question as to their adequacy that should be resolved by a jury. While the adequacy of warnings is often properly left for jury determination, there are cases, and this is one, where no triable question is raised (see, Wolfgruber v Unjohn Co., supra, at p 62). Plaintiff, who, it must be noted, has completed discovery, has not come forward, as she must in response to the within summary judgment motion, with any evidentiary facts tending to show that appellant's clear warnings were in any way deficient. (See, e.g., Zuckerman v City of New York, 49 NY2d 557, 560 [1980]; Weinberg v Johns-Manville Prods. Corp., 67 AD2d 640, 641 [1st Dept 1979].) Nothing in the record indicates that the warnings provided by appellant deceptively minimized the danger posed to plaintiff or were in any other manner misleading. Where, as here, express warnings have been given against the complained-of harm, bare allegations of inadequacy in those warnings are not sufficient to defeat a drug manufacturer's motion for summary judgment (Wolfgruber v Upjohn Co., supra, at pp 62-63). Concur—Murphy, P. J., Kupferman, Ross, Lynch and Rosenberger, JJ.