Joseph SCIURCA, Plaintiff,

v.

CHRYSLER MOTOR CORP., Defendant.

CHRYSLER MOTOR CORP., Third Party Plaintiff,

v.

CONFORTI MECHANICAL CORP., Conforti Mechanical Inc., Ronald Conforti, and World Chrysler Plymouth, Inc., Third Party Defendants.

No. 87 CV 2881.

United States District Court, E.D. New York.

May 11, 1989.

Fitzgerald & Fitzgerald, P.C. (Thomas D. Wilson, of counsel), Yonkers, N.Y., for plaintiff Joseph Sciurca.

Fried Frank Harris Shriver & Jacobson, New York City, for Chrysler Motor Corp.

Dennis P. Hannafey, Brooklyn, N.Y., for Ronald Conforti.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a products liability action based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Defendant, Chrysler Motor Corp. (Chrysler), and third-party defendant, Ronald Conforti (Conforti), move for summary judgment to dismiss the complaint. Fed.R.Civ.P. 56.

### FACTS

On February 6, 1987, plaintiff was employed by third-party defendant World Chrysler Plymouth Inc. (World Chrysler). Plaintiff was engaged as a mechanic at World Chrysler's automobile service department located in Brooklyn, New York. While plaintiff was servicing an automobile, a co-worker was working on a 1986 Dodge Ramcharger 4x4, owned by third-party defendant Ronald Conforti. Plaintiff's co-worker attempted to start the engine of the Ramcharger while standing outside the vehicle. Because the standard transmission of the Ramcharger was in a forward gear, and because the co-worker failed to depress the clutch while starting the vehicle, the Ramcharger lurched forward and struck plaintiff.

Plaintiff's claim against Chrysler, the manufacturer of the Ramcharger, alleges that he sustained severe trauma and injuries, as well as economic and emotional loss as a result of this accident. Although plaintiff's verified complaint states claims sounding in negligence, products liability, breach of implied warranty and strict liability in tort, plaintiff's subsequent papers have narrowed the action to one of strict products liability grounded on theories of defective design and failure to warn. Accordingly, this opinion will address only the products liability claims.

### DISCUSSION

A motion for summary judgment should be granted if "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material if it might affect the outcome of the suit under the substantive law that governs the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ To establish a cause of action for strict products liability in New York,[1] plaintiff must demonstrate one of the following defects in a product: mistake or defect in the manufacturing process, *see Victorson v. Bock Laundry Mach. Co.*, 37 N.Y.2d 395, 400–04, 335 N.E.2d 275, 276–79, 373 N.Y.S.2d 39, 41 (1975), design defect or improper design, *see Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 107, 450 N.E.2d 204, 207, 463 N.Y.S.2d 398, 401 (1983), or failure by the manufacturer to provide adequate warnings regarding the use of the product, *see Torrogrossa v. Towmotor Co.*, 44 N.Y.2d 709, 711, 376 N.E.2d 920, 921, 405 N.Y.S.2d 448, 449 (1978). As already indicated, plaintiff alleges only a design defect and failure to warn theories.

*Design Defect*

■ To recover for a design defect, the plaintiff must show that the product, as designed, was not reasonably safe. *Voss*, 59 N.Y.2d at 107, 450 N.E.2d at 207, 463 N.Y.S.2d at 401. A product is not reasonably safe if, at the time of its manufacture, a reasonable person with knowledge of the defect would conclude that the risks inherent in the product's design outweighed the utility of marketing it. *See id.* at 108, 450 N.E.2d at 208, 463 N.Y.S.2d at 402. Under the "not reasonably safe" standard, plain-

tiff's burden is twofold: he has a duty to "present evidence that (1) the product, as designed, was not reasonably safe because there was a substantial likelihood of harm and (2) it was feasible to design the product in a safer manner." *Id.* at 108, 450 N.E.2d at 208, 463 N.Y.S.2d at 402.

■ As to the first prong, Chrysler argues that plaintiff has failed to provide evidence that the Ramcharger was not reasonably safe. I disagree. Plaintiff's expert witness stated that, in order to meet current emission standards, today's vehicles idle at a higher speed when the engine is first started. The expert observed that higher idling increases the likelihood that a modern car equipped with a standard transmission such as the Ramcharger's will lurch forward if started while in gear. In the past this was not true because the vehicles idled lower, causing the vehicles to stall if one should attempt to start the car in gear (Plaintiff's Affidavit in Opposition to Defendant Chrysler Motor Corp's Motion for Summary Judgment, Exhibit A— Deposition of Victor Wouk, 215–16). Hence, plaintiff's expert witness has presented evidence that supports an allegation of defective design.[2]

In determining whether a product is not reasonably safe, the factfinder must weigh the risks of a product against its utility and cost. *See Voss*, 59 N.Y.2d at 109, 450 N.E.2d at 208, 463 N.Y.S.2d at 402. In evaluating risks, the factfinder may consider whether the product could have been designed safer at a cost that would not have detracted unacceptably from its utility. *See id.*, 450 N.E.2d at 208, 463 N.Y.S. 2d at 402. In other words, under the second prong of the design defect theory, the question is whether it was feasible for

---

1. In a diversity action, the court must follow the choice-of-law rules of the forum state—in this case, New York. *See Plummer v. Lederle Laboratories*, 819 F.2d 349, 355 (2d Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987). Recognizing that the plaintiff is a New York resident and that the incident giving rise to this action occurred in New York, the parties do not dispute that New York substantive law applies. *See Schultz v. Boy Scouts of America,*

*Inc.*, 65 N.Y.2d 189, 480 N.E.2d 679, 491 N.Y.S. 2d 90 (1985).

2. Chrysler is reminded that a party is not entitled to summary judgment simply because the evidence he offers appears more plausible than his opponent's evidence, or because it would appear that his opponent is unlikely to prevail on the merits after a trial. *See* 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2775, 104–05 (1983).

Chrysler to design the product in a safer manner.

Plaintiff proposes that a safer alternative to the Ramcharger's design is available and would include the use of an "innerlock" device. Plaintiff contends that an innerlock device would insure that power to the vehicle could not be applied unless the transmission was in neutral. In response, Chrysler contests the cost feasibility of such a device and has even characterized this device as "hypothetical," despite Chrysler's own witness, John C. Koepele, testifying that Chrysler itself had utilized a similar innerlock device in one of its vehicles in the 1970's (Koepele Deposition 31–34). Clearly, if Chrysler has utilized a similar device as a safety feature in the past, a genuine question of fact exists as to feasibility of employing such a device in a Ramcharger.

Therefore, I conclude that plaintiff has raised questions of fact, sufficient for a factfinder to find that the current design of the Ramcharger is not reasonably safe, and that the innerlock device represents a safer, more feasible alternative to the Ramcharger's current standard transmission without the innerlock device. Therefore, Chrysler's motion for summary judgment to dismiss those parts of the complaint based on design defect must be denied.

### Failure to Warn

Plaintiff asserts that Chrysler is liable for failure to adequately warn of the danger of using a Ramcharger. The failure to warn theory rests on the notion that the product, as designed and manufactured, is dangerous—but not unreasonably so. It is when this reasonable danger is coupled with inadequate warnings that the product becomes *unreasonably* unsafe. *See Wolfgruber v. Upjohn Co.*, 72 A.D.2d 59, 61–62, 423 N.Y.S.2d 95, 97 (4th Dep't 1979), *aff'd*, 52 N.Y.2d 768, 417 N.E.2d 1002, 436 N.Y.S.2d 614 (1980).

■ Under New York law, the manufacturer of a product, which it knows to be dangerous when put to ordinary use, is under a duty to provide adequate warning in regard to the danger of using the product. *See Smith v. Hub Manufacturing,*

634 F.Supp. 1505, 1508 (N.D.N.Y.1986). On the other hand, where the danger is obvious, the manufacturer is relieved of the duty to warn. *See Kerr v. Koemm,* 557 F.Supp. 283, 287 (S.D.N.Y.1983). A warning in such a situation would be of little use. *See Smith, supra,* 634 F.Supp. at 1508. Finally, while the question whether the danger of a product is obvious is one for the Court to answer, *Smith,* 634 F.Supp. at 1508, the adequacy of a warning is typically a question for the jury, *see McFadden v. Haritatos,* 86 A.D.2d 761, 762–63, 448 N.Y.S.2d 79, 81 (4th Dep't 1982).

In the presence of all these open questions of fact, summary judgment is singularly inappropriate.

### Proximate Cause

■ In a products liability suit, the plaintiff must also establish that the defective product was the proximate cause of his injuries. In *Voss,* the Court of Appeals indicated that the strict liability requirement of proximate cause is quite distinct from the traditional negligence definition of proximate cause. In the former, the proximate cause relationship must be between the *product* and the injury, unlike a negligence cause of action where the plaintiff must establish a nexus between the defendant's conduct and the injury. *See id.,* 59 N.Y.2d at 110, 450 N.E.2d at 209, 463 N.Y.S.2d at 403; 1 Weinberger, New York Products Liability, § 21:05.50 (1987 Supp.). To prove proximate cause the plaintiff must show that the product defect was a "substantial factor" in causing his injury. *See Voss,* 59 N.Y.2d at 110, 450 N.E.2d at 209, 463 N.Y.S.2d at 403.

■ Chrysler claims that even if the Ramcharger is found to be defective, the carelessness and inattention of Andrew Mortelitti, the mechanic who started the engine of the Ramcharger, acted as a superseding cause, breaking the causal connection between Chrysler's product and plaintiff's injury. However, "where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not auto-

matically severed." *Derdiarian v. Felix Contracting Co.,* 51 N.Y.2d 308, 315, 414 N.E.2d 666, 670, 434 N.Y.S.2d 166, 169 (1980). In New York it is well established that third party intervention "will not generally relieve an otherwise liable party of its responsibility" where the third party intervention is forseeable. *DeRosa v. Remington Arms Co., Inc.,* 509 F.Supp. 762, 768 (E.D.N.Y.1981). Additionally, although a manufacturer need not design his product to protect against all conceivable misuse, he must design his product so that it avoids unreasonable risk of harm when the product is being used in an "unintended yet reasonably forseeable" manner. *Id.* (quoting *Micallef v. Miehle Co.,* 39 N.Y.2d 376, 385–86, 348 N.E.2d 571, 577, 384 N.Y.S.2d 115, 121 (1976)).

Mortelliti's intervening act, at the very least, presents an issue of fact as to its forseeability. *See, e.g., Derdiarian* 51 N.Y.2d at 315, 414 N.E.2d at 670, 434 N.Y.S.2d at 170; *Wolfgruber* 72 A.D.2d at 59, 423 N.Y.S.2d at 97. Accordingly, Chrysler's motion for summary judgment is denied.

*Defendant Conforti's Motion for Summary Judgment*

 The attorney for the third-party defendant Conforti, who owned the Ramcharger, has submitted an affidavit asserting that this is "a very simple case with respect to Mr. Conforti ... [and] [i]f ever a case called for summary judgment and has no issue of fact for the jury to determine, this is the one." This affidavit purports to set out the facts of the case as sworn by Conforti's attorney. Clearly, this affidavit is not based on the personal knowledge of the affiant, and is not supported by facts that would be admissible in evidence; both are requirements for a motion under the Federal Rules. Fed.R.Civ.P. 56(e). *See Clemente v. Farrell Lines, Inc.,* 465 F.Supp. 728, 731 (E.D.N.Y.1979).

Furthermore, Conforti has failed to comply with both local Civil Rule 3(b), in failing to serve and file a memorandum of law in support of his motion, and with Rule 3(g), in failing to annex to the summary judgment motion a "separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried."

For the above reasons, Conforti's motion for summary judgment is denied without prejudice. The Court will permit Conforti to renew its motion on a proper set of papers.

Conforti also has made a half-hearted motion to levy sanctions against Chrysler under the Federal Rules of Civil Procedure. Because no admissible evidence was submitted in support of this request, the motion is denied.

SO ORDERED.