■ CYNTHIA J. MARTIN, Individually and as Executrix of the Estate of EUGENE J. MARTIN, Deceased, Respondent, v ARTHUR HACKER et al., Defendants, and CHELSEA LABORATORIES, INC., et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (Brown, J.), entered May 20, 1991 in Saratoga County, which partially granted a motion by defendant Chelsea Laboratories, Inc. for summary judgment dismissing the complaint against it and denied a cross motion by defendant Rugby Laboratories, Inc. for summary judgment dismissing the complaint against it.

Plaintiff commenced this action seeking to recover damages for the death of her husband, Eugene J. Martin (hereinafter decedent), from a self-inflicted gunshot wound to the head. It appears that in November 1981 decedent, who was suffering from hypertension, came under the care of defendant Arthur Hacker, a licensed physician. Hacker prescribed hydrochlorothyazide (hereinafter HCT). In May 1982 Hacker continued decedent on the prescription for HCT and, in addition, prescribed reserpine in order to help reduce decedent's high blood pressure. Hacker testified at an examination before trial that

he warned decedent at that time that one of the side effects of reserpine was depression. Thereafter, decedent was hospitalized and came under the medical care of defendant George Jolly in August 1982. Jolly prescribed HCT and another drug. Jolly knew that decedent was taking reserpine, but neither prescribed it to decedent nor told him to cease taking it. At some point decedent became severely depressed, allegedly as a result of his use of reserpine and HCT, and took his own life.

Among the defendants sued by plaintiff in this action were Chelsea Laboratories, Inc., the manufacturer of HCT and reserpine, and Rugby Laboratories, Inc., the distributor of the medications, alleging a breach of their duty to adequately warn the medical profession of the medications' side effects. Following the service of answers by Chelsea and Rugby (hereinafter collectively referred to as defendants), defendants moved for summary judgment. Supreme Court granted Chelsea's motion to the extent of dismissing plaintiff's 15th and 16th causes of action, but denied the remainder of Chelsea's motion as well as Rugby's motion in its entirety. This appeal by defendants followed.

In our view, Supreme Court incorrectly found that triable issues of fact were presented concerning the issue of whether the warnings provided by defendants regarding reserpine and HCT to the medical profession were adequate. It is well established that a manufacturer of prescription drugs has a duty to warn of all potential dangers of which it knows or should know and must take steps reasonably necessary to bring that knowledge to the attention of the medical profession (see, e.g., Glucksman v Halsey Drug Co., 160 AD2d 305, 307; Bikowicz v Nedco Pharmacy, 130 AD2d 89, 92; Eiser v Feldman, 123 AD2d 583). This liability can also extend to drug distributors in some cases (see generally, 1 Weinberger, NY Products Liability §§ 18:05, 18:18, 18:19, 18:41).[1] Once warned, the physician then acts as an "informed intermediary" between the manufacturer and the patient (Bikowicz v Nedco Pharmacy, supra, at 92), assessing the risks and benefits of the drug and advising the patient of its possible risks and side effects (see, Eiser v Feldman, supra; Wolfgruber v Upjohn Co., 72 AD2d 59, 61, affd 52 NY2d 768). In those instances where an adequate warning is effectively communicated to the medi-

1. We note that although Rugby argued before Supreme Court that it could not be held liable to plaintiff because it was a mere distributor of the drugs and not a manufacturer, that issue has not been raised on appeal and is deemed abandoned.

cal profession, the manufacturer (and distributor) will be absolved from liability *(see, Glucksman v Halsey Drug Co., supra; Wolfgruber v Upjohn Co., supra).*

Our review in this case of the evidence submitted on the motions and our examination of the warnings provided by defendants for the subject drugs convinces us that the warnings were adequate as a matter of law *(see, Glucksman v Halsey Drug Co., supra; Eiser v Feldman, supra,* at 584; *Wolfgruber v Upjohn Co., supra).* With respect to HCT, the Physician's Desk Reference and package insert under the section marked "WARNINGS" states that HCT "may add to or potentiate the action of other antihypertensive drugs". The section marked "WARNINGS" on the insert for reserpine specifically states, "Discontinue the drug at first sign of despondency, early morning insomnia, loss of appetite, impotence or self-deprecation. *Drug-induced depression may persist for several months after drug withdrawal and may be severe enough to result in suicide"* (emphasis supplied). Under the circumstances, it would be most difficult to formulate a more specific and adequate warning.

We reject Supreme Court's holding, based on *McFadden v Haritatos* (86 AD2d 761), that the warning for reserpine was possibly diluted by language included in an entirely different section of the insert labeled "ADVERSE REACTIONS", which states that adverse reactions listed in that section (which include depression but do not include suicidal tendencies) are "usually reversible and usually disappear after the drug is discontinued". While Supreme Court's findings might have merit if the admonition concerning depression was contained only in the less urgent adverse reactions section, in this case the warning concerning suicidal depression is given clearly in the more prominent warnings section[2] without any words that could be construed as limiting *(see, Wolfgruber v Upjohn Co., supra).*[3]

Accordingly, we conclude that defendants are entitled to summary judgment on their motions. In light of our determi-

---

2. We note that the warnings and adverse reactions sections in this case appear to be identical to those found in *McFadden v Haritatos (supra).* We disapprove of the Fourth Department's analysis in *McFadden* and decline to follow it because in our view the language of the warnings section applies to those suffering from drug-induced depression as well as those with a prior history of depression.

3. It should be noted that the warnings are addressed to physicians who are more capable of determining the extent of the warning than patients.

nation that the warnings were adequate as a matter of law, there is no need for us to explore defendants' alternative contention that, if the warnings were inadequate, such inadequacy was not the proximate cause of decedent's death.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied the motion by defendant Chelsea Laboratories, Inc. and denied the cross motion by defendant Rugby Laboratories, Inc.; said motion and cross motion granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.