Margaret Bukowski, Respondent, v CooperVision Inc., Appellant, et al., Defendants.

Third Department, January 7, 1993

### APPEARANCES OF COUNSEL

*Damon & Morey,* Buffalo *(Gerard A. Strauss* and *Charles S. Carra* of counsel), for appellant.

*Krenzer Law Office, P. C.,* Honeoye Falls *(Cyril A. Krenzer* of counsel), for respondent.

### OPINION OF THE COURT

CREW III, J.

On April 18, 1984, plaintiff purchased from defendant George Roberts, a licensed optometrist, a pair of Permalens XL extended wear contact lenses manufactured by defendant CooperVision Inc. (hereinafter defendant). Plaintiff apparently wore the contact lenses without incident until July 4, 1984, at which time she began experiencing "a lot of dry eye symptoms". On July 7, 1984, plaintiff's eyes became irritated and plaintiff removed the lenses; when she awoke the following morning, plaintiff's left eye was swollen shut. Plaintiff was subsequently diagnosed with a pseudomonas corneal ulcer and abscess of the left eye, which has allegedly resulted in reduced visual acuity and psychological injury.

Plaintiff thereafter commenced this action against defen-

dant on theories of strict products liability and negligence.[1] Following joinder of issue and discovery, defendant moved for summary judgment. Supreme Court granted summary judgment dismissing the strict products liability cause of action for a manufacturing defect but denied summary judgment on the remaining theories of liability, finding that questions of fact remained. Defendant now appeals from so much of Supreme Court's order as denied its motion for summary judgment on the remaining causes of action.[2]

■ We affirm. It is well settled that a plaintiff may recover in strict products liability or negligence for a manufacturer's failure to warn of the risks and dangers associated with the use of its product (see, *Johnson v Johnson Chem. Co.,* 183 AD2d 64, 69; *Rastelli v Goodyear Tire & Rubber Co.,* 79 NY2d 289, 297; *Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 532). The manufacturer's duty extends to warning consumers of latent dangers resulting from the foreseeable use of its product of which the manufacturer knew or should have known (*Rastelli v Goodyear Tire & Rubber Co., supra,* at 297), and liability may be imposed based upon either the complete failure to warn of a particular hazard or the inclusion of warnings that are insufficient (*Johnson v Johnson Chem. Co., supra,* at 69). "The adequacy of the instruction or warning is generally a question of fact to be determined at trial * * * and is not ordinarily susceptible to the drastic remedy of summary judgment" (*Oliver v NAMCO Controls,* 161 AD2d 1188, 1189 [citation omitted]; see, *Lugo v LJN Toys,* 146 AD2d 168, 170, *affd* 75 NY2d 850; *Frederick v Niagara Mach. & Tool Works,* 107 AD2d 1063, 1064; *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 64-65).

Here, defendant argues that the risk of corneal ulceration was unknown or believed to be insignificant prior to plaintiff's injury in 1984 and, hence, it had no duty to warn. In support of this argument, defendant points to the examination before trial testimony of its manager of quality and standards, William Trilsch, who testified that the reported incidence of corneal ulcers in the general population of people wearing contact lenses is less than 1/1000%. The source of this infor-

1. Plaintiff also named Roberts as a defendant and commenced a separate action against defendants Dr. Collins, Physician Service Associates and United Health Services Inc. These two actions were subsequently consolidated by stipulation.

2. Supreme Court also denied Physician Service Associates' motion for summary judgment but that entity is not a party to this appeal.

mation is unclear, however, and Trilsch did not specifically know how many pseudomonas corneal ulcers had been reported to defendant. We are of the view that such proof is insufficient to meet defendant's initial burden on the motion for summary judgment *(see generally, Graff v Amodeo,* 178 AD2d 901, 902). However, assuming such proof was sufficient, the clinical reports, adverse effect abstracts and internal correspondence submitted by plaintiff in opposition to defendant's motion were sufficient to raise a question of fact as to whether defendant knew or should have known of the risk that corneal ulcers posed for extended wear contact lens users. We are also of the view that the sufficiency of the warnings accompanying the Permalens XL extended wear contact lenses is an issue best resolved by a jury *(cf., Martin v Hacker,* 185 AD2d 553, 555 [warnings advised of precise risk encountered by decedent]; *Eiser v Feldman,* 123 AD2d 583, 584 [adverse reactions experienced explicitly cited in package insert and Physicians Desk Reference]). Accordingly, Supreme Court properly denied defendant's motion for summary judgment on the failure to warn cause of action.

■ Defendant next argues that the informed or learned intermediary doctrine should be applied to the facts of this case. This doctrine has evolved in the field of prescription drugs and requires such a manufacturer to warn of all potential dangers of which it knows or should know are associated with its product and, further, to take such steps as reasonably necessary to bring that knowledge to the attention of the medical community *(see, Martin v Hacker, supra,* at 554; *Glucksman v Halsey Drug Co.,* 160 AD2d 305, 307; *Wolfgruber v Upjohn Co.,* 72 AD2d 59, 61, *affd* 52 NY2d 768). The manufacturer discharges its duty in this regard by providing adequate warnings to the prescribing physician, who then acts as an informed intermediary between the manufacturer and the patient, "assessing the risks and benefits of the drug and advising the patient of its possible risks and side effects" *(Martin v Hacker, supra,* at 554; *see, Glucksman v Halsey Drug Co., supra,* at 307; *Eiser v Feldman, supra).*[3]

The informed intermediary doctrine has been extended to

---

3. The informed intermediary doctrine, by its very scope and definition, has no application to a design defect cause of action. The record is devoid of any proof on this issue and, accordingly, defendant's motion for summary judgment dismissing the design defect cause of action was properly denied.

apply to certain medical devices *(see, Fane v Zimmer, Inc.,* 927 F2d 124 [internal fixation device]; *Phelps v Sherwood Med. Indus.,* 836 F2d 296 [heart catheter]; *Brooks v Medtronic, Inc.,* 750 F2d 1227 [pacemaker]), and defendant argues that the nature of the optometrist/patient relationship and the optometrist's expertise in eye-related matters militates in favor of the application of the doctrine to this case. As the parties correctly note, implicit in the application of the doctrine is the existence of a medical professional with the knowledge and expertise to assimilate technical information and, further, the corresponding need for that professional to assess the risks and benefits posed by the drug or device in light of the particular patient's medical history and treatment needs *(see generally, Wolfgruber v Upjohn Co.,* 72 AD2d 59, 61, *supra).*

▮ Based upon a review of the limited record before us, we are unable to ascertain, *inter alia,* the nature of the relationship between plaintiff and Roberts and the role each played in the decision to wear and selection of the extended wear contact lenses manufactured by defendant. Additionally, the record is devoid of evidence that an optometrist is possessed of the knowledge and expertise necessary to assimilate technical information and, further, that there was a corresponding need to assess the risks and benefits posed by the Permalens XL to prescribing the device, given plaintiff's medical history and vision needs. Accordingly, we cannot determine at this juncture whether the informed intermediary doctrine is applicable. Moreover, the informed intermediary doctrine, to be applicable, presupposes that the medical professional has been sufficiently warned of the risks of the product so that she or he may assess those risks in relation to the patient's needs. Here, we have already determined that the sufficiency of the warnings is an issue to be determined at trial. Consequently, even if we were to extend the informed intermediary doctrine to this case, our determination as to the sufficiency of the warnings precludes a finding that defendant is absolved of liability as a matter of law *(cf., Wolfgruber v Upjohn Co., supra).* It was therefore proper for Supreme Court to partially deny defendant's motion. We have examined the remaining arguments advanced by defendant and find them to be lacking in merit.

WEISS, P. J., MERCURE, CASEY and HARVEY, JJ., concur.

Ordered that the order is affirmed, with costs.