■ Joseph DiMura, Respondent, v City of Albany et al., Defendants, and E-Z-Go Division of Textron, Inc, Appellant. [657 NYS2d 844] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered July 9, 1996 in Albany County, which, *inter alia,* denied a motion by defendant E-Z-Go Division of Textron, Inc. for summary judgment dismissing plaintiff's causes of action based on negligence, design defect and failure to warn.

On June 14, 1992, plaintiff rented an E-Z-Go golf cart manufactured by defendant E-Z-Go Division of Textron, Inc.

(hereinafter defendant) at defendant The New Course at Albany (hereinafter the golf course) for use in a round of golf. After hitting his ball on the fairway at the fifth hole, plaintiff returned to his golf cart, which was parked on the cart path, in order to drive to his playing partner's ball in the fairway. To this end, he turned the steering wheel all the way to the right because "the golf course had a 90-degree rule in effect that day"[1] and stepped on the accelerator. As he did this, the golf cart jolted with a momentum that took plaintiff by surprise. Plaintiff lost his balance and fell off the golf cart, sustaining injuries.

Plaintiff commenced this action against, among others, defendant, alleging negligence, breach of warranty and strict products liability. Following defendant's motion for summary judgment, Supreme Court dismissed the cause of action alleging breach of warranty and that portion of the products liability claim alleging a manufacturing defect. The court denied the motion with respect to plaintiff's allegations of negligence, as well as design defect and failure to warn as they relate to products liability. Defendant appeals and we affirm.

Indeed, it has long been the rule that a plaintiff may recover in strict products liability or negligence for a manufacturer's failure to warn of risks and dangers associated with the use of its product (*see, Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 297; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106-107; *Bukowski v CooperVision Inc.*, 185 AD2d 31, 33; *Alfieri v Cabot Corp.*, 17 AD2d 455, 460, *affd* 13 NY2d 1027). This duty generally extends to warning consumers of dangers resulting from the foreseeable use of its products of which the manufacturer knew or should have known (*see, Rastelli v Goodyear Tire & Rubber Co., supra*, at 297) and liability may be imposed based upon either the complete failure to warn of a particular hazard or the inclusion of warnings that are insufficient (*see, Johnson v Johnson Chem. Co.*, 183 AD2d 64, 69; *see also, Bukowski v CooperVision Inc., supra*). "The adequacy of the instruction or warning is generally a question of fact to be determined at trial * * * and is not ordinarily susceptible to the drastic remedy of summary judgment" (*Oliver v NAMCO Controls*, 161 AD2d 1188, 1189 [citation omitted]; *see, Lugo v LJN Toys*, 146 AD2d 168, 170-171, *affd* 75 NY2d 850).

Alternatively, a plaintiff may establish in a strict products

---

1. The 90-degree rule, imposed to safeguard course conditions, requires a golf cart operator to minimize driving on the fairway by remaining on the path adjacent to the fairway until the cart reaches a point 90 degrees from his or her ball.

liability cause of action that a product is defective because of an improper design (see, Voss v Black & Decker Mfg. Co., supra, at 107). A design defect is actionable in the event a product is not reasonably safe for its intended use (see, Denny v Ford Motor Co., 87 NY2d 248, 257; Jackson v Bomag GmbH, 225 AD2d 879, 880-881, lv denied 88 NY2d 805). The standard for determining the existence of a design defect requires an assessment of whether, " 'if the design defect were known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inherent in marketing a product designed in that manner' " (Denny v Ford Motor Co., supra, at 257, quoting Voss v Black & Decker Mfg. Co., supra, at 108), and takes into consideration numerous factors (see, Denny v Ford Motor Co., supra, at 257). Issues regarding design defects are likewise generally inappropriate for summary judgment relief (see, Lugo v LJN Toys, supra, at 170).

In opposition to defendant's motion for summary judgment, plaintiff submitted the affidavit of Philip Rubins, a licensed professional engineer who tested three E-Z-Go golf carts, including the offending cart, for the purpose of this litigation. Rubins found that under conditions of start with full throttle, locked brakes and wheels at the maximum right turn position, the golf carts started with a sudden acceleration, or jerk, as the brakes released followed by rapid acceleration to the right. He concluded, with a reasonable degree of scientific and engineering certainty, that "[n]o obvious mechanical faults were found with the carts, except for the sudden acceleration at full throttle when the parking brake was automatically released, causing a sudden jerking motion on the driver and passengers" (emphasis in original).

Rubins opined that "[w]hile this sudden acceleration is not normally a problem, under the conditions of sudden acceleration with a full right turn, and the brake in the locked position, a driver who is not expecting this rapid harsh reaction, would be subject to the * * * condition experienced by [plaintiff] before he was ejected from the cart" (emphasis omitted). He further opined that "the sudden acceleration plus sharp turning angle, alone, could have been sufficiently strong to cause the accident, especially if a reasonable driver was not expecting that to happen".

In Rubins' opinion, adequate warning signs and notices to

users of the golf cart could have prevented plaintiff's accident.[2] He additionally offered that required use of seat belts on the cart, a higher restraint bar at the sides of the seat and roll bars on the golf carts could constitute an alternative solution. In light of Rubins' averments and the reasonable inferences to be drawn from the evidence, we find that Supreme Court properly reserved for jury determination the negligence, failure to warn and design defect claims.

Defendant's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. Although the golf cart in this case apparently contained a warning on its dashboard informing operators to "accelerate smoothly", a jury should decide whether or not this particular warning was sufficient.