■ MATTHEW WICELINSKI et al., Respondents, v VITA-MIX CORPORATION, Respondent-Appellant, and SPECIALTY EQUIPMENT MANUFACTURING CORPORATION, Doing Business as TAYLOR COMPANY, Appellant-Respondent. [828 NYS2d 486]—

In an action to recover damages for personal injuries, etc., (1) the defendant Specialty Equipment Manufacturing Corporation, doing business as Taylor Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated July 22, 2005, as denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against the defendant Vita-Mix Corporation, and (2) the defendant Vita-Mix Corporation cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the complaint and cross claims insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against the defendant Specialty Equipment Manufacturing Corporation, doing business as Taylor Company.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs.

The plaintiff Matthew Wicelinski (hereinafter the plaintiff), an employee of McDonald's restaurant, allegedly was injured while making a "McFlurry," an ice cream dessert mixed with various toppings. The plaintiff was using a McFlurry blender to mix the ice cream and the toppings in a paper cup when the blender's disposable spoon (hereinafter the spoon agitator) penetrated the bottom of the cup and cut his hand. A broken piece of plastic was later found embedded in the plaintiff's hand.

The plaintiff, along with his mother, commenced this action to recover damages for personal injuries against Vita-Mix Corporation (hereinafter Vita), the manufacturer of the McFlurry blender, and Specialty Equipment Manufacturing Corporation, doing business as Taylor Company (hereinafter Taylor), the manufacturer of the spoon agitator and distributor of the McFlurry blender. The plaintiff alleged that the McFlurry blender and the spoon agitator were defectively designed and that Vita and Taylor failed to provide adequate warnings. Vita and Taylor asserted, inter alia, cross claims for contractual indemnification against each other.

Taylor moved for summary judgment dismissing the complaint

insofar as asserted against it and for summary judgment, inter alia, on its cross claim for contractual indemnification against Vita. Vita moved for summary judgment dismissing the complaint and all cross claims asserted against it and for summary judgment, inter alia, on its cross claim for contractual indemnification against Taylor. The Supreme Court denied the motions. Taylor appealed and Vita cross-appealed. We affirm.

Vita failed to establish, as a matter of law, that the McFlurry blender was reasonably safe for its intended use (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]). Taylor also failed to establish, as a matter of law, that the spoon agitator was free from defects (*see Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 479 [1980]; *DiMura v City of Albany*, 239 AD2d 828, 829 [1997]). Furthermore, both Vita and Taylor failed to establish, as a matter of law, that they were entitled to contractual indemnification. Accordingly, the Supreme Court properly denied the motions of Vita and Taylor. Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.