## Carrier v A.O. Smith Water Prods. Co.

2024 NY Slip Op 30934(U)

March 20, 2024

Supreme Court, New York County

Docket Number: Index No. 190391/2018

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ADAM SILVERA**

*Justice*

PART 13

------------------------------------------------------------------X

LUCIA CARRIER, AS EXECUTRIX FOR THE ESTATE OF PETER R. CARRIER,

Plaintiff,

- v -

A.O. SMITH WATER PRODUCTS CO,AMCHEM PRODUCTS, INC.,AMERICAN BILTRITE INC.,BURNHAM, LLC,BW/IP, INC. AND ITS WHOLLY OWNED SUBSIDIARIES, CARRIER CORP., CERTAINTEED CORP., CLEAVER BROOKS CO., INC, COLUMBIA BOILER COMPANY OF POTTSTOWN, COMPUDYNE CORP.N, CRANE CO., CROSBY VALVE LLC, CROWN BOILER CO., DAP, INC, DOMCO PRODUCTS TEXAS, INC, FLOWSERVE US, INC.,FMC CORP., FORT KENT HOLDINGS, INC.,FULTON BOILER WORKS, INC, GARDNER DENVER, INC, GENERAL ELECTRIC CO., GOULDS PUMPS LLC,GRINNELL LLC,IMO INDUSTRIES, INC, ITT INDUSTRIES, INC.,ITT LLC., KEELER-DORR-OLIVER BOILER CO., KOHLER CO, LENNOX INDUSTRIES, INC, OWENS-ILLINOIS, INC, PEERLESS INDUSTRIES, INC, PFIZER, INC. (PFIZER), RHEEM MANUFACTURING CO., ROPER PUMP CO., SUPERIOR BOILER WORKS, INC, U.S. RUBBER CO. (UNIROYAL), UNION CARBIDE CORP., UTICA BOILERS,INC,VELAN VALVE CORP,WARREN PUMPS, LLC, WEIL-MCLAIN, A DIVISION OF THE MARLEY-WYLAIN COMPANY, KAISER GYPSUM COMPANY, INC.,

Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 190391/2018 |
| MOTION DATE | 07/06/2023 |
| MOTION SEQ. NO. | 004 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 004) 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416

were read on this motion to/for                          JUDGMENT - SUMMARY                          .

Upon the foregoing documents, it is ordered that the instant motion for partial summary judgment seeking dismissal of plaintiff's claim for punitive damages, pursuant to CPLR § 3212, is denied for the reasons set forth below.

Here, defendant Burnham, LLC ("Burnham") moves for partial summary judgment to dismiss plaintiffs punitive damages claim on the basis that asbestos exposure from Burnham

190391/2018  CARRIER, PETER vs. A.O. SMITH WATER PRODUCTS CO
Motion No. 004

Page 1 of 4

boilers would fall below TLV or PEL/OSHA limits and per Burnham's lack of workers' compensation claims for asbestos-related disease. *See* Memorandum of Law in Support of Defendant's Burnham, LLC's, Motion for Partial Summary Judgment, p. 9-11.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853. Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

190391/2018  CARRIER, PETER vs. A.O. SMITH WATER PRODUCTS CO
Motion No. 004

Page 2 of 4

2 of 4

Defendant Burnham has plainly not met their burden at summary judgment. The TLV/OSHA standards have little bearing on plaintiff's unequivocal and consistent testimony regarding his work with Burnham boilers and his specific asbestos exposure therein. *See* Affirmation in Opposition to Burnham's Motion for Partial Summary Judment [*sic*], p. 4-5. Similarly, the lack of compensation claims from Burnham's employees are wholly irrelevant to moving defendant's conduct as manufacturers of asbestos-containing boilers. Plaintiff correctly argues that the single study conducted by William E. Longo, PhD in 2007 is insufficient to support partial summary judgment on the issue of punitive damages herein. In his deposition, Dr. Longo concedes that he never conducted any studies on a Burnham boiler. *See id.*, Exh. 7, Deposition Transcript of William E. Longo, PhD, dated December 16, 2015, p. 36, ln. 10-12.

In *Dyer v Amchem Products, Inc.*, 207 AD3D 408, 411 (1st Dep't 2022), the Appellate Division, First Department held that to succeed on a motion for summary judgment, the moving party must support the motion with a fact specific study. Here, the Longo study provides no relevant information regarding the specific products at issue herein, and the specific circumstances in which the instant plaintiff was exposed to asbestos through defendant Burnham's boilers. Thus, defendant Burnham has failed to proffer sufficient evidence to establish entitlement to summary judgment. Furthermore, plaintiff has provided evidence sufficient to raise questions of fact as to defendant Burnham's prior knowledge of and participation in the use of asbestos-containing boiler parts. *See* Affirmation in Opposition, *supra*, p. 8-11.

Moreover, the Court notes that where a plaintiff provides evidentiary facts tending to show that defendant's warnings were in any way deficient, the adequacy of such warnings are a factual question that should be resolved by a jury. *See Eiser v Feldman*, 123 AD2d 583, 584 (1986). The New York Court of Appeals has also held that "[a] products liability action founded

190391/2018   CARRIER, PETER vs. A.O. SMITH WATER PRODUCTS CO
Motion No.  004

Page 3 of 4

3 of 4

[* 3]

on a failure to warn involves conduct of the defendant having attributes of negligence which the jury may find sufficiently wanton or reckless to sustain an award of punitive damages." *Home Ins. Co. v Am. Home Products Corp.*, 75 NY2d 196, 204 (1990) (internal citations omitted). Here, plaintiff has proffered evidence that demonstrates defendant Burnham failed to warn plaintiff of the hazards of asbestos. During direct testimony of the corporate representative of defendant Burnham, Mr. Sweigart, was asked whether it was correct that "Burnham, never...put a warning regarding hazards of asbestos on any of its boilers". Affirmation in Opposition, *supra*, Exh. 8, excerpts from the Tr. of Mr. Sweigart from the *Assenzio* trial group, dated June 19, 2013, p. 2778, ln. 14-16. Mr. Sweigart answered "[t]hat's correct." *Id*. at ln. 20. As such, defendant Burnham has failed to demonstrate their prima facie burden that punitive damages are not warranted herein. As a reasonable juror could find that defendant Burnham's knowledge and use of asbestos in their boilers constituted a prioritization of their corporate benefits over plaintiff's safety, issues of fact exist to preclude summary judgment on punitive damages.

Accordingly, it is

ORDERED that defendant Burnham's motion for partial summary judgment is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| | | |
|---|---|---|
| **3/20/2024** | | |
| **DATE** | | **ADAM SILVERA, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**190391/2018  CARRIER, PETER vs. A.O. SMITH WATER PRODUCTS CO**
**Motion No.  004**

Page 4 of 4