**IRWIN, Admx., Plaintiff-Appellant, v. ALBERS SUPER MARKETS, Inc., Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7273. Decided July 10, 1950.

Fred W. Murphy, Cincinnati, for plaintiff-appellant.
Rendigs, Frey & Kiely, Cincinnati, for defendant-appellee.

### OPINION

By MATTHEWS, J.:

This is an action by the Administratrix of Wilbur Irwin, deceased, against the defendant for wrongfully causing his death. At the conclusion of all the evidence, the court sustained the

defendant's motion for an instructed verdict, entered judgment on the verdict, and overruled the motion for a new trial. This appeal is from that judgment.

It was admitted that the defendant was operating a double truck, weighing 30,000 pounds, consisting of a tractor and two trailers and a dolly, about sixty feet in length, southwardly on Wright Road in Lockland, on October 26th, 1948, between six and seven o'clock in the morning, and that a collision took place between the truck and the person of Wilbur Irwin, and that he received injuries which caused his death. There is no dispute that it was a very foggy morning and that the range of visibility was very short, some witnesses placing it as low as 25 feet, and none greater than 75 feet.

There is evidence that the defendant was traveling at from 40 to 45 miles per hour. Wright Highway is composed of two parallel roadways, 22 feet wide, paved with concrete and divided by a grass strip 20 feet wide. As the defendant's driver was proceeding along the strip for southbound traffic, near the west curb, he saw a dark object at a distance of at from 50 to 75 feet, in front of him, which it later developed was a Model A. Ford automobile. He swerved to the left to avoid striking it, but the evidence is conflicting as to whether he succeeded. The driver testified that the truck did not come in contact with the parked Ford, but there is circumstantial evidence of damage to the left rear and side of the Ford and the right front of the truck, tending to prove that a collision did take place. There is evidence tending to prove that a collision had taken place a short time before between the Ford and another automobile at that place, and inferentially, to prove that the damage done in that collision caused the decedent to park the Ford where it was at the time the defendant's truck arrived upon the scene. Whether any collision between either of these automobiles occurred does not seem to be very material, however. It is admitted that the decedent was somewhere near the Ford and that the defendant's truck struck him inflicting injuries from which he died apparently without regaining consciousness.

The plaintiff alleged that the defendant was negligent in operating its truck at an excessive speed without having it under control, so as to be able to stop it within the assured clear distance ahead.

There is substantial evidence to support the allegations of negligence. Whether there is any evidence that such negligence caused the collision, or whether the collision was caused in whole or in part by the negligence of the decedent, are questions presented by this record.

The plaintiff introduced no evidence as to when decedent left his home or as to his destination. Apparently, he had no

companion. There is no direct evidence that he had parked the Ford or that he had ridden in it to the place where it was parked. A pump was attached to the left rear wheel, presumably for the purpose of inflating the tire, but there is no evidence that the decedent attached the pump, was engaged in operating it, or near it at the time he was struck. The pump was not damaged.

The defendant's evidence was that the decedent ran out from in front of the Ford into the path of the defendant's truck and was struck by the right front fender and lamp as he was attempting to retrace his steps. His body was found after the collision about twenty feet in front of the Ford. A pair of spectacles was found some distance ahead of the Ford, but nearer to it than the decedent's body.

As we construe the record, the only explanation of decedent's conduct is found in this evidence of the defendant, and, if it is believed, we could not say that a jury would be unreasonable in drawing an inference of negligence on decedent's part, directly contributing to the collision.

In determining whether the trial court was correct in directing a verdict for the defendant it seems pertinent to consider the effect of a lack of evidence by plaintiff as to decedent's conduct and of the sole testimony on that subject being found in defendant's evidence which, if believed, indicates negligence by decedent.

The inquiry relates to presumptions, inferences, and burden of proof.

Now in the absence of evidence, what conclusion is permissible as to decedent's conduct?

It is clear that in the absence of evidence, neither the decedent nor defendant can be found to have been negligent. **Bush v. Transfer Co., 146 Oh St, 657.** This rule is variously stated. It is said that negligence is not presumed. It is also stated that there is an inference or presumption of due care. **29 O. Jur., 627.** But, however phrased, it casts the burden upon the party charging negligence to prove it. The burden of proving contributory negligence rests upon the defendant in the absence of any inference of negligence arising from plaintiff's evidence, as in this case.

Now the defendant having introduced evidence tending to prove contributory negligence as a matter of fact, but not as a matter of law, and the plaintiff having introduced no countervailing evidence, must the court accept as true the defendant's evidence? Does the situation remove from the province of the jury the function of passing upon the credibility of the witnesses?

We find in **39 O. Jur., 838,** that "Generally speaking a verdict cannot be directed in favor of the party chargeable with the burden of proof, unless the issue is admitted by the opposing party in such wise as to dispense with proof, or unless the law attaches to such evidence as is produced the quality of being conclusive proof." And, in **53 Am. Jur., 251,** that: "It has been held that since the plaintiff has the right to have the jury pass upon the credibility of witnesses and weight of testimony, although uncontradicted, the case generally cannot be taken from the jury, where the plaintiff has established a prima facie case, and the defendant invokes an affirmative defense based upon oral testimony."

The presumption or inference of due care finds its most appropriate application in actions for wrongfully causing death where contributory negligence is relied on. Death has removed the one witness in the most favored position to explain the decedent's action at the time of the accident. Frequently, no other witness is available. Under such circumstances, it would seem to be sound policy to consider the decedent free from negligence until the trier of the facts has passed upon the credibility of the witnesses, accepted their testimony as worthy of belief and then determined whether the decedent's conduct as thus established conformed to the standard of reasonable care.

The defendant's evidence, if believed, showed that decedent came from in front of the Ford for the apparent purpose of asking the driver of the truck for some assistance. He had a right to assume that defendant's truck was proceeding at a lawful speed and it may very well be that the decedent's inability to draw back out of danger resulted from the excessive speed of the truck. In that event he would not have been negligent. Furthermore, the jury might have concluded that defendant's witnesses were not worthy of belief, or that their testimony was not inconsistent with the exercise of due care by decedent.

Our attention has been called to the case of **Purdy v. Kerentoof, 152 Oh St, 391,** recently decided. We think it supports our conclusion that the issues in this case should have been submitted to the jury. The only difference in the facts is that in the Purdy case, there was no evidence that decedent did anything to avoid the collision, whereas, in the case at bar, the defendant's driver testified that the decedent was trying to get out of the path of the truck at the time of the collision.

We have also been cited to **Evegan v. Cincinnati Street Ry. Co., 85 Oh Ap, 138.** We think the facts are not analogous. We pointed out at page 140 that "the street car of the defendant was being operated in a perfectly lawful manner." That cannot be said of the defendant's truck in this case.

For these reasons, the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.