OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Wise, Admr., Appellant and Cross-Appellee, v. Timmons, Admx., Appellee and Cross-Appellant.

[Cite as Wise v. Timmons (1992),    Ohio St.3d    .]

Negligence -- Motor vehicle accident -- Trial court errs in
    granting motion for directed verdict, when -- Evidence
    construed, how -- Negligence never presumed -- Action for
    wrongful death -- Next of kin, although not presumed to
    have sustained damages, may recover damages for mental
    anguish and loss of society upon proper proof.

(No. 91-601 -- Submitted February 19, 1992 -- Decided June 24, 1992.)

Appeal and Cross-Appeal from the Court of Appeals for Pickaway County, No. 89CA14.

On June 4, 1986, plaintiff's decedent Terry Wise, a disabled twenty-one-year-old who lived with his father, brother Scott and sister Vicki, was a passenger in a motor vehicle being driven by David Timmons. The vehicle went left of center, struck a guardrail, recrossed and left the roadway, hit an embankment and became airborne for forty-three feet, turned over three times and landed on its wheels, travelling approximately six hundred seventy feet. Terry Wise was killed immediately and David Timmons died in the hospital shortly after the accident. Terry's father Clayton Wise, in his capacity as administrator of Terry's estate, brought suit under Ohio's wrongful death statute, R.C. Chapter 2125, against David Timmons's estate for damages on his own behalf and on behalf of Terry's brother Scott and his sisters Pamela and Vicki. Clayton Wise died before trial and Charles Wise was substituted as administrator.

Before trial the parties stipulated that the accident caused the death of Terry Wise. At trial the investigating officer, Sergeant Harold G. Hopkins, a deputy sheriff for the Pickaway County Sheriff's Department, testified as to his investigation of the accident. He said the accident was caused because the vehicle was out of control. He was not asked for an opinion as to why the vehicle went out of control. Sergeant Hopkins was able to locate and interview two eyewitnesses who had observed part of the accident, but had not seen what caused the accident and were not called as witnesses at trial.

At the close of the evidence, the trial court granted plaintiff's motion for a directed verdict on the issue of negligence only.  According to the trial court, this left two questions for the jury:  whether David Timmons's negligence was the proximate cause of the death of Terry Wise and, if so, the amount of damages.  The trial court instructed the jury that loss of support, loss of services, loss of society and mental anguish were proper elements of the damages, as well as reasonable burial expense.  Counsel for defendant objected to the instruction that next of kin, in this case siblings, might recover for loss of society and mental anguish.  The jury sent out one question during deliberations:  "Does the law require the jury to find a minimum dollar value (other than funeral expenses) for compensation?"  The trial court answered "No." The jury subsequently returned a verdict finding the issues in plaintiff's favor and assessed damages in the amount of $3,260.32, funeral expenses only.

Pursuant to Civ.R. 59, plaintiff moved for a new trial and the trial court, in a written opinion, stated: "The Court***is of the opinion that the damages awarded in this case are inadequate and are not sustained by the weight of the evidence and is [sic] contrary to law and, therefore, said motion for new trial will be granted and ordered in this case."

Defendant appealed, assigning four errors, three of which are pertinent to this appeal:

"I.  The trial court erred in granting plaintiff a new trial on the basis that the jury's verdict and damages awarded in the case are inadequate and not sustained by the weight of the evidence.

"II. The trial court erred in admitting evidence of damages allegedly sustained by the surviving siblings of plaintiff's decedent.

"III.  The trial court erred in directing a verdict upon the issue of negligence and liability against defendant."

The Court of Appeals for Pickaway County concluded that the evidence was insufficient to submit the issue of loss of support to the jury.  Sustaining defendant's second assignment of error, the court held that the jury should not have considered whether next of kin (here, siblings) suffered damages for loss of society and mental anguish.  It was therefore an abuse of discretion for the trial court to order a new trial on those issues.  The court found, however, that it was against the manifest weight of the evidence to conclude that Terry Wise's services had no value, and a new trial on that issue was proper.  Defendant's first assignment of error was therefore sustained in part and overruled in part.

As to the third assignment, the appellate court held that it was error for the trial court to direct a verdict for plaintiff on the negligence issue.  The court stated that the only evidence of negligence adduced was the accident itself, and that in the absence of evidence of acts and omissions on David Timmons's part, there must be a presumption of due care. The trial court's judgment was affirmed in part and reversed in part, and the cause was remanded for further proceedings consistent with the opinion.  Plaintiff appealed and defendant cross-appealed on the issue of the necessity for a new trial on the matter of damages for loss of services.

The case is before us on the allowance of a motion and cross-motion to certify the record.

Gary R. Dumm and Stephen E. Carter, for appellant and cross-appellee.
Fosson, Mann & Preston and Mark A. Preston, for appellee and cross-appellant.

Herbert R. Brown, J.   The issues before us are, first, whether the trial court erred in directing a verdict for plaintiff on negligence; second, whether siblings may recover damages for loss of society and mental anguish under R.C. 2125.02(B)(3) and (5) when a spouse, minor child or parent survives the decedent; and third, whether the trial court abused its discretion in ordering a new trial because the verdict was inadequate and against the manifest weight of the evidence.

For the reasons that follow, we conclude that the trial court erred in directing the verdict on negligence.  For that reason a new trial must be held on all issues.  For the trial court's direction on remand, we also reach the second issue, holding that the jury was properly instructed as to damages for loss of society and mental anguish.  We need not decide whether the trial judge abused his discretion in setting aside the jury verdict and ordering a new trial, since that determination is fact-specific and, on remand, there will be new evidence, and new findings by the jury.

I

Directed Verdict

The only evidence in the record offered to prove that David Timmons was negligent is the accident's occurrence under circumstances from which an inference of negligence can be drawn.  Those circumstances include the vehicle traveling left of center, leaving skid marks totalling three hundred eighty-nine feet, traveling airborne for forty-three feet, and turning over three times.  Although Sergeant Hopkins did not offer his opinion as to the cause of the vehicle's loss of control, from these circumstances the jury could have inferred that David Timmons was traveling at an excessive rate of speed.  The only living eyewitnesses to the accident did not see the automobile until after it went out of control.  The only other witnesses who might have been in a position to know what happened, Terry Wise and David Timmons, are dead.  No evidence was adduced on the following issues:  (1) whether the vehicle was free from defect, (2) whether the driver suffered a medical condition causing the loss of control, or (3) whether the driver was reacting to an emergency.

The trial court's ruling amounts to a presumption that when a car goes off the road, in the absence of evidence to the contrary, there has been negligence.  The presumption in Ohio is the opposite.  "Negligence is never presumed.  In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care and such presumption prevails until rebutted by evidence to the contrary."  Biery v. Pennsylvania RR. Co. (1951), 156 Ohio St. 75, 45 O.O. 70, 99 N.E.2d 895, paragraph two of the syllabus.  The rule applies where the accident itself is the only evidence of negligence

adduced.  "Where the doctrine of res ipsa loquitur is not involved, negligence is never presumed from the mere fact of an accident and resulting injury, but specific acts or omissions indicating failure on the part of the defendant to exercise due care must be alleged as the direct and proximate cause of the injury, and the burden is upon the plaintiff to prove the same."  St. Marys Gas Co. v. Brodbeck (1926), 114 Ohio St. 423, 151 N.E. 323, paragraph one of the syllabus.  This is also true where no eyewitnesses survive.  "* * * Death has removed the one witness in the most favored position to explain the decedent's action at the time of the accident.  Frequently, no other witness is available.  Under such circumstances, it would seem to be sound policy to consider the decedent free from negligence until the trier of the facts has passed upon the credibility of the witnesses, accepted their testimony as worthy of belief and then determined whether the decedent's conduct as thus established conformed to the standard of reasonable care."  Irwin v. Albers Super Markets, Inc. (App. 1950), 63 Ohio Law Abs. 77, 80, 108 N.E.2d 356, 358.

A motion for a directed verdict requires the trial court to construe the evidence most strongly in favor of the party against whom the motion is directed, and to sustain the motion only if reasonable minds could come to but one conclusion, adverse to that party, upon the evidence submitted.  Civ. R. 50(A)(4).  There is not sufficient evidence in this record to overcome, as a matter of law, the presumption that David Timmons exercised due care.  The facts, however, do permit an inference of negligence.  The question of negligence was one for the jury.

Plaintiff, urging support for the trial court's ruling, compares this case to one in which res ipsa loquitur applies.  But the doctrine of res ipsa loquitur does not remove the question from the jury.  "The rule of res ipsa loquitur is not a substantive rule of law.  It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed.  * * *"  (Emphasis added.)  Glowacki v. North Western Ohio Ry. & Power Co. (1927), 116 Ohio St. 451, 157 N.E. 21, paragraph one of the syllabus.  "[N]ever under any circumstances may it become the ground for a directed verdict."  St. Marys Gas Co., supra, 114 Ohio St. at 433, 151 N.E. at 326.

It was therefore error for the trial court to direct the jury to find that David Timmons was negligent.  This error requires a new trial.

II
Siblings' Recovery of Damages
Plaintiff argues that under the pertinent language of the Ohio wrongful death statute, R.C. 2125.02(B)(3) and (5), next of kin may collect damages for mental anguish and loss of society when a spouse, minor child or parent survives.  Under defendant's theory, since Clayton Wise survived his son's death, his son's siblings may not recover.

This issue has been resolved by our recent decision in

Ramage v. Central Ohio Emergency Serv., Inc. (1992),     Ohio
St.3d    ,    N.E.2d   .  "Pursuant to the Ohio wrongful
death statute, R.C. 2125.02, next of kin, although not presumed
to have sustained damages, may recover damages for mental
anguish and loss of society upon proper proof thereof, even
though there is a surviving parent, spouse, or minor
children."  Id. at paragraph two of the syllabus.  Thus, it was
not improper for the trial court to instruct the jury to
consider the mental anguish and loss of society, if any,
suffered by Pamela, Vicki and Scott Wise on the occasion of
Terry's death.

        For all the foregoing reasons, we remand this cause to the
trial court for further proceedings consistent with this
opinion.

                                Judgment affirmed in part
                                and reversed in part.

        Moyer, C.J., Sweeney, Douglas, Wright and Resnick, JJ.,
concur.

        Holmes, J., concurs separately.

        Holmes, J., concurring.    I am in full agreement with the
majority's disposition of the issue of the trial court's
directing a verdict on negligence.  However, I continue to have
a considerable problem with the issue of sibling recovery of
damages for mental anguish under Ohio's wrongful death
statute.  This was not the intent of the statute, but by virtue
of this court's majority holding in Ramage v. Central Ohio
Emergency Serv., Inc. (1992),     Ohio St.3d     ,
N.E.2d    , I am forced, by way of stare decisis, to join the
majority on this issue.