WISE, ADMR., APPELLANT AND CROSS-APPELLEE, *v.* TIMMONS,
ADMX., APPELLEE AND CROSS-APPELLANT.

[Cite as *Wise v. Timmons* (1992), 64 Ohio St.3d 113.]

(No. 91–601—Submitted February 19, 1992—Decided June 24, 1992.)

*Gary R. Dumm* and *Stephen E. Carter,* for appellant and cross-appellee.

*Fosson, Mann & Preston* and *Mark A. Preston,* for appellee and cross-appellant.

---

HERBERT R. BROWN, J. The issues before us are, first, whether the trial court erred in directing a verdict for plaintiff on negligence; second, whether siblings may recover damages for loss of society and mental anguish under R.C. 2125.02(B)(3) and (5) when a spouse, minor child or parent survives the decedent; and third, whether the trial court abused its discretion in ordering a new trial because the verdict was inadequate and against the manifest weight of the evidence.

For the reasons that follow, we conclude that the trial court erred in directing the verdict on negligence. For that reason a new trial must be held on all issues. For the trial court's direction on remand, we also reach the second issue, holding that the jury was properly instructed as to damages for loss of society and mental anguish. We need not decide whether the trial judge abused his discretion in setting aside the jury verdict and ordering a new trial, since that determination is fact-specific and, on remand, there will be new evidence, and new findings by the jury.

## I

### Directed Verdict

The only evidence in the record offered to prove that David Timmons was negligent is the accident's occurrence under circumstances from which an inference of negligence can be drawn. Those circumstances include the vehicle traveling left of center, leaving skid marks totalling three hundred eighty-nine feet, traveling airborne for forty-three feet, and turning over three times. Although Sergeant Hopkins did not offer his opinion as to the cause of the vehicle's loss of control, from these circumstances the jury could have inferred that David Timmons was traveling at an excessive rate of speed.

The only living eyewitnesses to the accident did not see the automobile until after it went out of control. The only other witnesses who might have been in a position to know what happened, Terry Wise and David Timmons, are dead. No evidence was adduced on the following issues: (1) whether the vehicle was free from defect, (2) whether the driver suffered a medical condition causing the loss of control, or (3) whether the driver was reacting to an emergency.

The trial court's ruling amounts to a presumption that when a car goes off the road, in the absence of evidence to the contrary, there has been negligence. The presumption in Ohio is the opposite. "Negligence is never presumed. In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care and such presumption prevails until rebutted by evidence to the contrary." *Biery v. Pennsylvania R.R. Co.* (1951), 156 Ohio St. 75, 45 O.O. 70, 99 N.E.2d 895, paragraph two of the syllabus. The rule applies where the accident itself is the only evidence of negligence adduced. "Where the doctrine of *res ipsa loquitur* is not involved, negligence is never presumed from the mere fact of an accident and resulting injury, but specific acts or omissions indicating failure on the part of the defendant to exercise due care must be alleged as the direct and proximate cause of the injury, and the burden is upon the plaintiff to prove the same." *St. Marys Gas Co. v. Brodbeck* (1926), 114 Ohio St. 423, 151 N.E. 323, paragraph one of the syllabus. This is also true where no eyewitnesses survive. " * * * Death has removed the one witness in the most favored position to explain the decedent's action at the time of the accident. Frequently, no other witness is available. Under such circumstances, it would seem to be sound policy to consider the decedent free from negligence until the trier of the facts has passed upon the credibility of the witnesses, accepted their testimony as worthy of belief and then determined whether the decedent's conduct as thus established conformed to the standard of reasonable care." *Irwin v. Albers Super Markets, Inc.* (App.1950), 63 Ohio Law Abs. 77, 80, 108 N.E.2d 356, 358.

A motion for a directed verdict requires the trial court to construe the evidence most strongly in favor of the party against whom the motion is directed, and to sustain the motion only if reasonable minds could come to but one conclusion, adverse to that party, upon the evidence submitted. Civ.R. 50(A)(4). There is not sufficient evidence in this record to overcome, as a matter of law, the presumption that David Timmons exercised due care. The facts, however, do permit an inference of negligence. The question of negligence was one for the jury.

Plaintiff, urging support for the trial court's ruling, compares this case to one in which *res ipsa loquitur* applies. But the doctrine of *res ipsa loquitur*

does not remove the question from the jury. "The rule of *res ipsa loquitur* is not a substantive rule of law. It is rather a rule of evidence which permits the jury, *but not the court in a jury trial,* to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. * * *" (Emphasis added.) *Glowacki v. North Western Ohio Ry. & Power Co.* (1927), 116 Ohio St. 451, 157 N.E. 21, paragraph one of the syllabus. "[N]ever under any circumstances may it become the ground for a directed verdict." *St. Marys Gas Co., supra,* 114 Ohio St. at 433, 151 N.E. at 326.

It was therefore error for the trial court to direct the jury to find that David Timmons was negligent. This error requires a new trial.

## II

### Siblings' Recovery of Damages

Plaintiff argues that under the pertinent language of the Ohio wrongful death statute, R.C. 2125.02(B)(3) and (5), next of kin may collect damages for mental anguish and loss of society when a spouse, minor child or parent survives. Under defendant's theory, since Clayton Wise survived his son's death, his son's siblings may not recover.

This issue has been resolved by our recent decision in *Ramage v. Central Ohio Emergency Serv., Inc.* (1992), 64 Ohio St.3d 97, 592 N.E.2d 828. "Pursuant to the Ohio wrongful death statute, R.C. 2125.02, other next of kin, although not presumed to have sustained damages, may recover damages for mental anguish and loss of society upon proper proof thereof, even though there is a surviving parent, spouse, or minor children." *Id.* at paragraph two of the syllabus. Thus, it was not improper for the trial court to instruct the jury to consider the mental anguish and loss of society, if any, suffered by Pamela, Vicki and Scott Wise on the occasion of Terry's death.

For all the foregoing reasons, we remand this cause to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

HOLMES, J., concurs separately.

HOLMES, J., concurring. I am in full agreement with the majority's disposition of the issue of the trial court's directing a verdict on negligence.

However, I continue to have a considerable problem with the issue of sibling recovery of damages for mental anguish under Ohio's wrongful death statute. This was not the intent of the statute, but by virtue of this court's majority holding in *Ramage v. Central Ohio Emergency Serv., Inc.* (1992), 64 Ohio St.3d 97, 592 N.E.2d 828, I am forced, by way of *stare decisis*, to join the majority on this issue.