JOURNAL ENTRY AND OPINION
Plaintiff Nicholas C. DiCello appeals the order of the trial court which entered a directed verdict in favor of defendants Michael Shepard and New England Mutual Life Insurance Co. For the reasons set forth below, we reverse and remand for further proceedings.
On January 7, 1996, plaintiffs Nicholas D. DiCello (hereafter DiCello), his son, Nicholas A. DiCello, and his daughter, Erica DiCello, filed a complaint against Michael Shepard, New England Mutual Life Insurance Co. (New England Mutual), and Jackson National Life Insurance Co. (Jackson Life). In relevant part, plaintiffs alleged that between 1989 and 1992, Shepard, the authorized agent for the insurance companies, sold DiCello five life insurance policies with aggregate death benefits exceeding $14,000,000. Plaintiff asserted that defendants breached their fiduciary duties and made malicious as well as negligent misrepresentations in advising DiCello that the policies were suitable for him and were in his best interest. Plaintiffs further alleged that Jackson Life breached their contracts with DiCello by issuing an insurance policy for $3,000,000 after he completed an application for insurance in the amount of $1,500,000, and by issuing a policy for a lesser amount but with a greater premium to replace a policy written by New England Mutual. Plaintiffs also alleged that defendants breached their duties of good faith and ordinary skill and committed fraud in the inducement in advising DiCello to obtain the insurance, and misrepresenting the costs and the effect which the insurance would have upon his estate planning. Finally, plaintiffs alleged that defendants were unjustly enriched in connection with the issuance of the policies.
New England Mutual Life filed a notice of removal to federal court on June 24, 1997. The matter was subsequently remanded back to the court of common pleas. On November 14, 1997, plaintiffs were granted leave to file an amended complaint. This pleading included Ohio State Home Services, Inc. as an additional plaintiff. It also alleged that Shepard sold securities to DiCello in violation of R.C. 1707.44.
The matter was again removed to federal court and again remanded to the court of common pleas.
New England Mutual moved for summary judgment and asserted that plaintiffs' claims were time barred. On June 2, 1999, the trial court denied the motion for summary judgment.
The matter proceeded to trial on September 13, 1999. Nicholas D. DiCello testified that he founded Ohio State Home Services in 1978. He is not an accountant and does not do his own accounting and financial planning. He met Shepard in 1988 or 1989. Shepard indicated that he could obtain insurance for him and provide financial and estate planning. Shepard recommended certain policies and DiCello subsequently signed blank applications for Shepard. Shepard subsequently obtained the policies at issue, including business related policies for Ohio State Home Services.
In 1994, DiCello considered estate planning matters. He did not know who the owners and beneficiaries of the policies were and he repeatedly called Shepard for information. During that year, he and his attorney went to the offices of New England Mutual and demanded the actual policies. Later, upon advice of his counsel, he canceled much of the insurance which Shepard obtained for him.
On cross-examination, he denied that this matter was filed in retaliation for a separate dispute involving Shepard's brother, Neal. He admitted that he now has a total of nine million dollars in insurance. He also admitted that he discussed obtaining wills and trusts with his attorney in 1992 and that his attorney indicated at that time that a will and trust would be important in light of the insurance. He also admitted that Shepard was present at this meeting.
Following the testimony of DiCello, the trial court directed a verdict in favor of defendants. The trial court determined that plaintiffs had failed to commence their claims within the requisite limitations periods. The court stated:
 * * * plaintiff was aware of the policies in 1992. He certainly had some duty to, if he didn't know, to find out what it was all about, not wait four years and file a lawsuit.
Plaintiffs settled their claims against Jackson Life. Thereafter, Nicholas DiCello filed a notice of appeal to this court.
Herein, DiCello assigns five errors for our review. Preliminarily, however, we must rule upon a motion to dismiss filed by New England Mutual.
 I. DEFENDANTS' MOTION TO DISMISS
Within their motion to dismiss, Shepard and New England Mutual assert that it is unclear whether DiCello or his son has filed the notice of appeal and also assert that Erica DiCello and Ohio State Home Services did not file a notice of appeal from the trial court's final judgment in this matter.
App.R. 3(D) states:
 (D) Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate. * * *."
In Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, syllabus, the Supreme Court stated:
 Pursuant to App.R. 3(A), the only jurisdictional requirement for a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion.
The purpose of a notice of appeal is to apprise the opposite party of the taking of an appeal; if this is done beyond danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished. Maritime Manufacturer's, Inc. v. Hi-Skipper Marina (1982),70 Ohio St.2d 257.
Applying the foregoing, we note that the trial court directed a verdict against Nicholas A. and Erica in a separate entry and this entry was not appended to the notice of appeal. Rather, the notice of appeal filed herein, which stated that Nicholas DiCello was appealing the ruling, and included a copy of the trial court's entry of judgment against him, clearly apprised defendants that Nicholas D. DiCello was appealing this matter. We therefore deny the motion to dismiss as to DiCello.
The notice of appeal did not, however, apprise defendants that Ohio State Home Services was appealing the judgment because it did not in any way reference that party and Ohio State Home Services' claims were different from DiCello's claims. We therefore grant defendant's motion to dismiss as to Ohio State Home Services only.
 II. DICELLO'S APPEAL
DiCello's first, second, and third assignments of error are interrelated and state:
 WHEN THERE ARE DISPUTED ISSUES OF MATERIAL FACT AS TO WHEN THE APPELLANTS KNEW OR SHOULD HAVE KNOWN OF THE INJURY, A DIRECTED VERDICT IS INAPPROPRIATE AND THE FACT FINDER SHOULD RESOLVE THE ISSUE.
 APPELLEES' DELIBERATE REFUSAL TO DELIVER THE INSURANCE POLICIES TOLLED THE RUNNING OF THE STATUTE OF LIMITATIONS.
 THE TRIAL COURT IMPROPERLY DIRECTED A VERDICT FOR APPELLEES PRIOR TO THE CONCLUSION OF ALL APPELLANT'S EVIDENCE.
Within these assignments of error, DiCello asserts that the trial court erred in determining that the limitations period began to run from 1992 or the time that he became insured by defendants. Rather, DiCello asserts, the court should have applied the discovery rule, and that by operation of this rule, his claims are timely. More specifically, he argues that his claims did not accrue until he obtained the actual policies in 1994 and had them analyzed by his attorneys.
With regard to procedure, we note that Civ.R. 50(A) governs the granting of a motion for a directed verdict and provides in pertinent part as follows:
 "(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
The motion for a directed verdict should be sustained only if reasonable minds can come to but one conclusion, and the conclusion is adverse to the nonmoving party. Wise v. Timmons (1992), 64 Ohio St.3d 113,116. Where reasonable minds may reach differing conclusions, the motion must be denied. Ramage v. Cent. Ohio Emergency Serv., Inc. (1992).64 Ohio St.3d 97, 109.
Also with regard to procedure, R.C. 2305.09 provides, as follows:
 "An action for any of the following causes shall be brought within four years after the cause thereof accrued:
"* * *
 "(C) For relief on the ground of fraud[.]" R.C. 2305.09(D) provides, in relevant part, as follows:
 "* * * If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."
Thus, a cause of action for fraud or conversion accrues either when the fraud is discovered, or in the exercise of reasonable diligence, the fraud should have been discovered. Investors REIT One v. Jacobs (1989),46 Ohio St.3d 176, paragraph 2b of the syllabus; Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, 76. When determining whether the exercise of reasonable diligence should have discovered a case of fraud, the relevant inquiry is whether the facts known "`would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry * * *.'" Hambleton v. R.G. Barry Corp., (1984), 12 Ohio St.3d 179,181, quoting Schofield v. Cleveland Trust Co. (1948), 149 Ohio St. 133,142.
The law with respect to discovery is that:
 No more than a reasonable opportunity to discover the misrepresentation is required to start the period of limitations. Information sufficient to alert a reasonable person to the possibility of wrongdoing gives rise to a party's duty to inquire into the matter with due diligence.
Craggett v. Adell Ins. Agency (1993), 92 Ohio App.3d 443, 454.
The Craggett Court stated:
 Inasmuch as Craggett failed to assert her claims of misrepresentation within four years of the various dates she received and reviewed the policies, the dates she should have discovered the alleged misrepresentation, her claims are barred by the applicable statute of limitations.
 Even giving Craggett the benefit of all reasonable inferences by assuming, arguendo, that the policies themselves were not sufficient indicia of misrepresentation to trigger the period of limitations, the May 26, 1980 Statement of Dividends and Endowments was certainly sufficient information to trigger Craggett's duty to investigate the alleged misrepresentation. Craggett similarly failed to assert her misrepresentation claim within four years of the date she signed the Statement of Dividends and Endowments, the date by which she should have discovered AIA's alleged misrepresentations. Thus, the trial court correctly determined that summary judgment was appropriate under the applicable statute of limitations.
Here, DiCello asserted that the defendants breached their fiduciary duties and made malicious as well as negligent misrepresentations in advising DiCello that the policies were suitable for him and were in his best interest. He further asserted that defendants breached their duties of good faith and ordinary skill and committed fraud in the inducement in advising DiCello to obtain the insurance, and misrepresenting the costs and the effect which the insurance would have upon his estate planning. Plaintiffs also alleged that defendants were unjustly enriched in connection with the issuance of the policies. The trial court determined that the running of the limitations period was triggered in 1992 or by the time all of the insurance was obtained. We can accept this determination only with regard to DiCello's claim regarding the cost of the policies. Clearly after receiving invoices, DiCello knew the cost of the insurance thereby triggering the running of the limitations period with regard to his claims regarding the costs of the policies.
DiCello's remaining claims focus upon whether the insurance was in his best interest and whether the policies had a detrimental effect in light of long term estate planning. Here, we hold that the ordinary, reasonable person would not, simply upon becoming insured, be alerted to the possibility that it was wrongfully sold to him. To the contrary, estate planning matters are highly complex legal matters beyond the ken of the ordinary, reasonable layman. Moreover, DiCello is correct in asserting that this evaluation could not be undertaken herein until he obtained the actual policies because he had continuing questions regarding the ownership of them and the beneficiaries listed in them. It is therefore our belief that DiCello's claims regarding the detrimental effect of the policies on his long term estate planning did not accrue until 1994 when he obtained the actual policies at issue, in light of the continuing questions regarding ownership of the policies. Moreover, we do not believe that the meetings in 1992, which concerned the importance of obtaining a will and trust, would have alerted a reasonable person to the possibility of wrongdoing triggering a duty to inquire into the matter with due diligence.
DiCello's claims regarding whether the policies were in his best financial interest accrued, at the earliest, at the time DiCello's 1992 purchases and disbursements were analyzed by a tax professional, i.e., in 1993. These claims are therefore also timely.
The judgment of the trial court is reversed as to these claims.
The fourth assignment of error states:
APPELLANTS' CLAIMS ARE NOT PREEMPTED BY ERISA.
Herein, Ohio State Home Services asserts that its claims against defendants were not preempted by the Employment Retirement Insurance Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Because we have determined that Ohio State Home Services is not a party to this appeal and have granted defendant's motion to dismiss as to this appellant, we do not reach this assignment of error.
DiCello's fifth assignment of error states:
 THE TRIAL COURT ERRED IN DIRECTING A VERDICT FOR DEFENDANTS ON THE CLAIM OF UNLAWFUL SALE OF SECURITIES.
Plaintiff next asserts that the trial court erred in determining that his claims stemming from the sale of securities were time barred.
In Adams v. Dean Witter Reynolds, Inc. (June 17, 1999), Cuyahoga App. No. 74379, unreported, this Court stated as follows:
 The relevant statute of limitations for allegations of claims involving fraud in the sale of securities is set out in R.C. 1707.43, which is titled "Remedies of Purchaser in Unlawful Sale":
 No action for the recovery of the purchase price as provided for in this section, and no other action for any recovery based upon or arising out of sale or a contract for sale made in violation of Chapter 1707 of the Revised Code, shall be brought more than two years after the plaintiff knew, or had reason to know, of the facts by reason of which the actions of the person or director were unlawful, or more than four years from the date of such sale or contract for sale, whichever is the shorter period. (Emphasis added.)
 The appellant herein contends that her cause of action sounds in fraud and, therefore, is governed by the four year statute of limitation for fraud found in R.C. 2305.09(C), rather than the two year statute of limitations from the time an investor is aware of the facts underlying a case for unlawful acts in the sale of securities as provided in R.C. 1707.43.
 Even if this court were to find that the applicable statute of limitations governing the instant matter was four years rather than two, and we expressly decline to make such a finding, the complaint, nonetheless, would have been time-barred when it was filed.
Moreover, the limitations period of R.C. 1707.43 clearly applies where, as here, the plaintiff claims his recovery is "based upon" or "arises out of" a violation of the blue sky provisions. Ferritto v. Alejandro (Oct. 11, 2000), Summit App. No. 19682, unreported.
Applying the foregoing, DiCello obtained the securities in March 1992 and did not file this claim within four years of that date. This claim is therefore clearly barred. This assignment of error is without merit.
The judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCURS, MICHAEL J. CORRIGAN, J., CONCURS IN PART AND DISSENTS IN PART (SEE ATTACHED CONCURRING DISSENTING OPINION)