NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0214n.06

Case No. 21-4048

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JOHN HUTCHISON, | ) | **FILED**<br>Jun 01, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| | ) | |
| LOWES HOME CENTERS, LLC, | ) | |
| Defendant-Appellee. | ) | |
| | ) | OPINION |
| | ) | |

Before:  SUTTON, Chief Judge; KETHLEDGE and MURPHY, Circuit Judges.

SUTTON, Chief Judge. John Hutchison went to Lowe's to buy shelving boards. The boards were stacked vertically on a shelf, and a steel retention chain ran across the front of the display. After Hutchison pulled the first board from the stack and turned to place it in his cart, several other boards fell on him, injuring his head and neck. Hutchison sued Lowe's for negligence under Ohio law. Because he has not offered any evidence that the company breached its duty of care, we affirm the district court's grant of summary judgment for Lowe's.

On October 8, 2018, John Hutchison and his wife went to a Lowe's store in Centerville, Ohio, to buy shelving boards for their laundry room. They planned to buy three eight-foot-long boards, measuring a foot wide and three quarter-inches thick. Hutchison had visited the store on a previous day to price the boards. He and his wife headed straight to the right aisle, where they

found roughly ten boards stacked vertically on a shelf about four and a half feet above the ground. A steel retention chain ran across the display about two feet above the shelf.

Hutchison grabbed the bottom of the first board in the stack and pulled it off the shelf, bringing it underneath the retention chain. As he turned to place it in his cart, several other boards from the stack toppled onto him. Hutchison briefly blacked out, awaking on the ground with the boards on top of him. He subsequently experienced head and neck pain and dealt with recurring headaches, which required him to see a neurologist for about six months. Only Hutchison's wife witnessed the incident.

Hutchison sued Lowe's for negligence in state court. Lowe's removed the case to federal court based on diversity jurisdiction. The district court granted Lowe's motion for summary judgment, reasoning that Hutchison did not offer any evidence that Lowe's knew or should have known that the display was dangerous.

We review a grant of summary judgment with fresh eyes, asking the same questions the district court did: Is there a "genuine dispute as to any material fact"? Is "the movant entitled to judgment as a matter of law"? Fed. R. Civ. P. 56(a). Although we give the non-moving party—Hutchison—the benefit of all factual inferences, he still must identify "evidence on which the jury could reasonably find for" him. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Ohio law governs this dispute, as the parties agree. To establish negligence, Hutchison must show that Lowe's owed him a duty of care, that it breached the duty, and that the breach proximately caused Hutchison's injury. *Lang v. Holly Hill Motel, Inc.*, 909 N.E.2d 120, 122–23 (Ohio 2009). In the context of a retail establishment like Lowe's, the company owed this customer "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that" he would not "unreasonably [be] exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 480 N.E.2d

474, 475 (Ohio 1985) (per curiam). That duty, however, does not make a shopkeeper a general "insurer of the customer's safety." *Id.* Courts do not presume negligence "from the mere fact of an accident and resulting injury," instead requiring the plaintiff to show "specific acts or omissions indicating failure on the part of the defendant to exercise due care" that proximately caused the injury. *Wise v. Timmons*, 592 N.E.2d 840, 842 (Ohio 1992) (quotation omitted). When a negligence lawsuit rests on the existence of a defect, "actual or constructive notice of the defect is an essential element in perfecting the claim that the owner . . . of the premises failed to comply with the requirement of reasonable care." *Sharp v. Andersons, Inc.*, No. 06AP–81, 2006 WL 2259706, at *3 (Ohio Ct. App. Aug. 8, 2006).

As Hutchison sees it, the "hazardous condition was the location of the chain that was holding the boards in place." R.14 at 7. But evidentiary deficiencies plague this claim. Hutchison did not muster any evidence showing that the placement of the retention chain was defective or that the display would have been safer with multiple chains. *See Hupp v. Meijer Stores Ltd. P'ships*, No. 05 CE 07 0047, 2006 WL 1085667, at *2–3 (Ohio Ct. App. Apr. 25, 2006). He acknowledged that "nothing would have happened" if he had not pulled a board off the shelf and added that he had "no idea what drew" the other boards "off of there." R.12-1 at 10–11. True, Hutchison says that it "would have been nice" if the chain had been higher or if there had been more than one chain. *Id.* at 9. But this kind of speculation combined with the fact of the accident do not suffice to show that Lowe's failed to take reasonable precautions by placing the retention chain as it did. *See Hansen v. Wal-Mart Stores, Inc.*, No. 07CA2990, 2008 WL 2152000, at *5–7 (Ohio Ct. App. May 20, 2008); *Lacy v. Wal Mart Stores*, No. 11 BE 32, 2012 WL 1307075, at *5–7 (Ohio Ct. App. Mar. 27, 2012).

Even if Hutchison could show that the boards were stacked in an unreasonably dangerous manner, he has not shown that Lowe's knew or should have known that fact. Consider the absence of any actual notice. Hutchison failed to offer any evidence that Lowe's knew the display was unreasonably dangerous at the time he encountered it. Hutchison and his wife were the only people in the aisle when the accident occurred. They did not see anyone from Lowe's set up the display or otherwise manipulate the boards. And Hutchison had no idea whether another customer had recently rummaged through the display, leaving the boards in an unstable position. He also did not offer evidence of a prior accident involving this or a similar display that might have provided notice of a dangerous condition. *See Hupp*, 2006 WL 1085667, at *3. On this record, a jury could not find that Lowe's had actual notice of a hazard without resorting to naked supposition and bare speculation. That does not suffice to survive summary judgment. *Ray v. Wal-Mart Stores, Inc.*, 993 N.E.2d 808, 825 (Ohio Ct. App. 2013); *Hartman v. Meijer Stores Ltd. P'ship*, No. CA2010–03–065, 2010 WL 4340644, at *2–3 (Ohio Ct. App. Nov. 1, 2010).

Move to constructive notice. Hutchison did not offer any evidence about how long the display had been in its current state. Proof "of how long the condition existed is mandatory" when it comes to showing constructive knowledge, *Ray*, 993 N.E.2d at 824 (quotation omitted), which arises when a danger exists "for a sufficient length of time" to justify the inference that a "failure to warn against it or remove it was attributable to a want of ordinary care," *Hochstetler v. Menards*, 688 F. App'x 381, 383 (6th Cir. 2017) (per curiam) (quotation omitted). That means Hutchison cannot show that Lowe's had constructive notice of an unreasonably dangerous condition, either.

In resisting this conclusion, Hutchison claims that "[i]f the boards are going to fall when a customer is doing what is supposed to be done then that would be a hazardous condition." Appellant's Br. 7–8. But this rebuttal does not come to grips with the twin realities that no

evidence shows that Lowe's failed to exercise due care to secure the boards and no case law shows that negligence is somehow presumed in this setting. *See Wise*, 592 N.E.2d at 842.

What of *res ipsa loquitur*, the alert reader might wonder? It permits a jury "to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed." *Id.* at 843 (quotation omitted). But this exception to the conventional proof of a negligence claim does not help Hutchison for two reasons. The first is that he never invoked the doctrine. The second is that the shelving boards were not under Lowe's exclusive control given that customers could move them. *See Hansen*, 2008 WL 2152000, at *8 ("[A] defendant does not have exclusive control over a display of merchandise where members of the public frequent an area and have access to the display.").

Absent the permissible invocation of *res ipsa loquitur*, "[a] probative inference for submission to a jury can never arise from guess, speculation or wishful thinking." *Parras v. Standard Oil Co.*, 116 N.E.2d 300, 319 (Ohio 1953). Regrettably for Hutchison, that is all we have.

We affirm.