NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0265n.06

No. 16-4350

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 09, 2017
DEBORAH S. HUNT, Clerk

JANICE HOCHSTETLER; JEFF
HOCHSTETLER,

  Plaintiffs-Appellants,

v.

MENARDS; MENARD, INC., also identified
as Menards,

  Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

BEFORE: COLE, Chief Judge; GIBBONS and ROGERS, Circuit Judges.

PER CURIAM. Janice and Jeff Hochstetler appeal the district court's decision granting summary judgment in favor of Menards and Menard, Inc. (collectively Menards) in this premises liability action. Because the Hochstetlers have failed to produce anything beyond speculation to support their claim, that decision was proper.

A 12-foot-long roll of carpet remnant fell and struck Janice Hochstetler from behind while she and her husband, Jeff Hochstetler, were shopping at a Menards store in Massillon, Ohio, on August 31, 2014. The Hochstetlers were purchasing carpet padding, which was located on shelving above a storage bay housing rolls of carpet remnant. The rolls of carpet remnant were stored vertically in the bay with a fence or cage across the top of the bay to prevent the rolls from falling forward. After the Hochstetlers selected their carpet padding, a tow motor operator removed the padding from the shelving and placed it on a long cart. While her husband went to look for another item, Janice Hochstetler waited with their carts, standing with her back to the

carpet remnant area.  Janice Hochstetler had her phone out and was leaning on a shopping cart when a roll of carpet remnant fell and struck her on the back of her head and the right side of her body.  Janice Hochstetler screamed, and another customer caught her before she hit the floor. Jeff Hochstetler and a Menards employee, Ryan Savage, ran over to assist her.

In their complaint filed in state court, Janice Hochstetler claimed that Menards' negligence caused her serious and painful injuries, and Jeff Hochstetler asserted that he suffered a loss of his wife's consortium.  Menards removed the case to the district court based on diversity jurisdiction.  Following discovery, Menards filed a motion for summary judgment, which the district court granted on the basis that the Hochstetlers failed to show the existence of a genuine issue of material fact as to whether Menards breached its duty of ordinary care.  The Hochstetlers filed a motion to alter or amend the order granting summary judgment in favor of Menards, which the district court denied.  This timely appeal followed.

We review de novo the district court's decision granting summary judgment.  *Rudisill v. Ford Motor Co.*, 709 F.3d 595, 600 (6th Cir. 2013).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  On a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts" and must come forward with specific facts demonstrating a genuine issue for trial.  *Id.* at 587-88.

Under Ohio law, "[a] shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger."  *Paschal v. Rite Aid Pharmacy, Inc.*,

480 N.E.2d 474, 475 (Ohio 1985). "A shopkeeper is not, however, an insurer of the customer's safety." *Id.* To recover as a business invitee, a plaintiff must establish:

1. That the defendant, through its officers or employees, was responsible for the hazard complained of; or

2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or

3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 476-77 (6th Cir. 2010) (quoting *Combs v. First Nat'l Supermarkets, Inc.*, 663 N.E.2d 669, 670 (Ohio Ct. App. 1995)).

The parties agree that, in order for the roll of carpet remnant to have fallen on Janice Hochstetler, the roll had to be outside the storage bay. The Hochstetlers do not assert that Menards was responsible for leaving the roll unsecured or had actual knowledge of the unsecured roll. Instead, the Hochstetlers contend that Menards is liable under the third theory of liability—constructive notice. Under that theory, "evidence of how long the hazard existed is mandatory in establishing a duty to exercise ordinary care." *Combs*, 663 N.E.2d at 671. "Without such evidence, it is impossible to determine whether a premises owner should have discovered the hazard upon a reasonable inspection." *Ray v. Wal-Mart Stores, Inc.*, 993 N.E.2d 808, 824 (Ohio Ct. App. 2013). "Thus, if a plaintiff fails to present evidence showing how long the alleged hazard existed, then the plaintiff cannot show that the defendant breached the standard of care." *Id.*

Here, the Hochstetlers have failed to present evidence showing how long the roll of carpet remnant was outside the storage bay. Savage, who was the assistant department manager for the flooring department, helped the Hochstetlers in selecting carpet padding. Savage testified that all of the carpet remnants were inside the storage bay when he finished assisting the

Hochstetlers and went to assist another customer. Neither Janice nor Jeff Hochstetler noticed if there was a roll of carpet remnant outside the storage bay. Janice Hochstetler testified that she had no idea what caused the roll of carpet remnant to fall or how long it was in a position where it could fall.

The Hochstetlers assert that they were in the carpet remnant section for 20 to 30 minutes prior to the incident and that they did not see anyone create the hazard by removing the 12-foot-long roll of carpet remnant from the storage bay and standing it upright, which, they contend, they would have noticed. According to the Hochstetlers, a reasonable juror could therefore conclude that the hazard existed for at least as long they were in the area—20 to 30 minutes—which was a sufficient length of time to give Menards constructive notice of the hazard. The Hochstetlers' argument ignores Savage's unrefuted testimony that there were no carpet remnants outside the storage bay when he finished assisting them three to five minutes before the incident. In their reply brief, the Hochstetlers contend that Savage's testimony is not credible. Credibility determinations are inappropriate when considering a motion for summary judgment. *FDIC v. Jeff Miller Stables*, 573 F.3d 289, 295 (6th Cir. 2009). The Hochstetlers themselves did not notice if there was a roll of carpet remnant outside the storage bay despite looking at the carpet padding located directly above the bay. When the roll fell, Janice Hochstetler was standing with her back to the carpet remnant bay and had her phone out. Because there is no evidence as to how long the roll of carpet remnant was unsecured, the district court properly granted Menards' motion for summary judgment. *See Parras v. Standard Oil Co.*, 116 N.E.2d 300, 303 (Ohio 1953) ("[I]n order for an inference to arise as to negligence of a party, there must be direct proof of a fact from which the inference can reasonably be drawn. A probative inference for submission to a jury can never arise from guess, speculation or wishful thinking.").

For these reasons, we **AFFIRM** the district court's decision granting summary judgment in favor of Menards.